IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-03-087-04** |
| **v.** | : | |
| **MICHAEL SEDOR** | : | |

## <u>MEMORANDUM AND ORDER</u>

Before the court is Defendant Michael Sedor's motion for
reconsideration of the court's April 22, 2005 amount of loss determination.  In the
court's April 22, 2005 memorandum, the court found that the Government had
proved $1,415,220 in fraud-related loss as to Mr. Sedor's co-defendant, Gary
Sweitzer.  Because the court believed that Mr. Sedor was similarly situated to Mr.
Sweitzer, the court found that Mr. Sedor was also responsible for $1,415,220 in
fraud-related loss.

On May 6, 2005, Mr. Sedor timely filed a motion for reconsideration,
alleging that his Pre-Sentence Report stated that he was only involved in 22 of the
loan transactions at issue and that his loss calculation should have been limited to
those 22 loans.[1]  Further, Mr. Sedor argues that the Government failed to identify

---

[1]Paragraph 27 of Mr. Sedor's Pre-Sentence Report provides in relevant part:

Regarding **Sedor**, it is the Government's position that the loss calculation for
sentencing guideline purposes should only include the loan transactions where he or
Charles Brown (an attorney who rented office space from **Sedor** and was paid by
**Sedor** to perform some of the settlements at Barwood Estates) received checks from
Sweitzer and improperly reflected those funds as coming from the borrower on the
HUD 1.  There were twenty-two loans of this type and the total loss equals
$782,505.35.  It is noted that although **Sedor** stated during his proffer interview that
he suspected that Sweitzer was reimbursing donors on other transactions, the

(continued...)

those 22 loans during the loss determination proceedings so there is no way to discern how they should be treated with respect to the court's April 22, 2005 findings. Finally, Mr. Sedor asserts that his loss should be reduced to zero for three additional reasons: (1) the Government failed to establish causation, (2) the value of security provided for the loans negates any loss, and (3) the calculation of loss should be limited to the United States Department of Housing and Urban Development's unrecouped losses.

In response to Mr. Sedor's motion, the Government contends that it did not identify the 22 loans attributable to Mr. Sedor during the loss calculation hearings because although Mr. Sedor filed objections to the Pre-Sentence Report, he did not object to the number of loans included in the calculation. Regardless, the Government now submits a spreadsheet of the 22 loans attributed to Mr. Sedor. (*See* Gov't's Resp. to Mr. Sedor's Mot. Recons., Ex. 1.) Thus, the court can reconcile the treatment of these 22 loans with the court's April 22, 2005 findings.

Upon review of the 22 loans in question, the court concludes that Mr. Sedor is only responsible for 7 loans: (1) the Wintermyer, (2) Dunlop/Arnold, (3) Murillo, (4) Felix/Merced, (5) Rivera/Vazquez, (6) Fogle, and (7) Dunkelberger transactions. All of the other transactions attributable to Mr. Sedor fell within the Category 1 loans, which the court excluded in its April 22, 2005 memorandum because they were based on unreliable appraisals. The amount of loss for the 7 included loans is $41,314.27; $44,607.00; $53,782.00; $59,496.00; $76,763.00;

---

[1](...continued)
Governement maintains they had no evidence to prove this prior to the proffer, and pursuant to USSG § 1B1.8, this information cannot be used to determine the applicable guideline range.

$40,290.00; and $52,388.00 respectively.  The total amount of loss attributable to Mr. Sedor is $368,640.  The court's previous finding that Mr. Sedor was responsible for $1,415,220 in fraud-related loss was in error.

As for Mr. Sedor's three remaining arguments, the court addressed these issues in its April 22, 2005 memorandum at length.  Mr. Sedor has not provided any reason why the court's findings should be disturbed.  Thus, the court rejects these arguments.

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT**:

1) Mr. Sedor's motion for reconsideration (Doc. 139) is **GRANTED in part** and **DENIED in part** as follows:

   a) Mr. Sedor's motion is **GRANTED** with respect to the court's finding of the amount of loss attributable to Mr. Sedor.  The amount of loss attributable to Mr. Sedor shall be $368,640.

   b) Mr. Sedor's motion is **DENIED** in all other respects.

2) The probation officer in this case shall calculate a revised Pre-Sentence Report for Mr. Sedor with $368,640 as the amount of loss.  A date for sentencing will be established upon the court's receipt of the revised Pre-Sentence Report.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated:  May 12, 2005.